## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**WALTER L. BOND,**
**No. 04698-025**

        **Petitioner,**

   **vs.**                               **Case No. 14-cv-00799-DRH**

**JAMES N. CROSS,**

        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Walter L. Bond, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.  Petitioner seeks to challenge his sentence, arguing that his prior conviction for burglary of a commercial building would not qualify as a predicate offense for purposes of a career offender enhancement under U.S.S.G. § 4B1.1. [1]

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.   Rule 4 provides that upon preliminary consideration by the

---

[1] The petition states, "petitioner argues that his prior conviction for a burglary of a commercial building would not qualify for a 4B1.1 enhancement." (Doc. 1, p. 6).  However, Court documents reflect that Bond's career offender status was based upon prior felony convictions for aggravated battery and possession of cocaine with the intent to distribute.  *See Bond v. United States*, Case No. 11-cv-2062-MPM-DGB, Doc. 23, p. 3 (C.D. Ill. Dec, 16, 2011).   Documentation is attached to the petition evincing an aggravated battery conviction, and the petition includes two references to Seventh Circuit cases reflecting that aggravated battery under Illinois law is not a crime of violence (*see* Doc. 1, pp. 7, 9).  In any event, the nature of the crimes is not dispositive in this situation.

district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the petition, the Court concludes that this action is subject to dismissal.

### Procedural History

Walter L. Bond pleaded guilty to distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and was sentenced to a 188-month term of imprisonment, which was subsequently reduced to a 140-month term of imprisonment. *United States v. Bond*, Case No. 07-cr-20113-MPM-DGB (C.D. Ill. September 8, 2008). No direct appeal was filed.

In 2011, pursuant to 28 U.S.C. § 2255, Bond filed a motion to vacate, set aside or correct his sentence, attacking his career offender designation. More specifically, he challenged using his conviction for aggravated battery (striking the victim in the face on a public way), which he argues was not a "crime of violence." He also alleged ineffective assistance of counsel due to counsel's failure to properly explain the implications of career offender status. The Section 2255 motion was dismissed based on a waiver contained in the plea agreement. *See Bond v. United States*, Case No. 11-cv-2062-MPM-DGB (C.D. Ill. Dec. 16, 2011).[2] Bond attempted to appeal the denial of his Section 2255 motion, but the Court of

---

[2] This Court need not delve into whether waiver is a possible defense to this suit.

Appeals for the Seventh Circuit denied him a certificate of appealability, finding no substantial denial of a constitutional right. *Bond v. United States*, Case No. 12-1215 (7th Cir. Sept. 19, 2012).

Bond filed the subject petition for writ of habeas corpus on July 15, 2014 (Doc. 1).

## The Habeas Petition

In the instant petition, Bond challenges the sentencing court's determination that his prior conviction for a burglary of a commercial building (or aggravated battery, as the case may be) qualified as a predicate offense, triggering the "career offender" enhancement under the Sentencing Guidelines. Petitioner maintains that the sentencing court used the "modified categorical" approach when it made the determination that the prior conviction qualified as a predicate offense. Citing the United States Supreme Court's decision in *Descamp v. United States*, ⎯ U.S. ⎯⎯, 133 S.Ct. 2276 (2013), Bond contends that use of the modified categorical" approach was error and his prior conviction should not have been used to enhance his present sentence.

Furthermore, relying on *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013), petitioner asserts that he may bring this claim under the "savings clause" of 28 U.S.C. § 2255(e) because *Descamp* establishes that he is "actually innocent of this non-qualifying enhancement" (Doc. 1, p. 3).

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas Section 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to Section 2255 in the court that sentenced him. Indeed, a Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, however, a prisoner may employ Section 2241 to challenge his federal conviction or sentence.   Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).   *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.' ") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).  *See also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The fact that petitioner may be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609–10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction. Recently, in *Webster v. Caraway*, __F.3d__, 2014 WL 3767184, *2-3 (7th Cir. Aug. 1, 2014), the Seventh Circuit reiterated these principles, stressing that Section 2241 is available "if it otherwise would be impossible to implement the Supreme Court's intervening decision"—keeping the focus on the adequacy and effectiveness of Section 2255.

The Seventh Circuit has explained that, following *Davenport,* in order to fit within the savings clause a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion, *and* that case must apply retroactively. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013).

With these conditions in mind, the Court turns its attention to *Descamps v. United States,* ⸺ U.S. ⸺, 133 S.Ct. 2276 (2013), the case cited by petitioner as grounds for this Section 2241 petition. The Court in *Descamps* held that the

defendant should not have been subject to a career criminal enhancement where his previous California burglary conviction was for violating a statute that criminalized conduct beyond the "generic" elements of the crime of burglary (unlawful entry into a building with the intent to commit a crime). *Descamps* is a new statutory interpretation case, but it does not represent a change in the law that has any relevance to petitioner's circumstances. The Court in *Descamps* reiterated the "categorical approach" analysis outlined in *Taylor v. United States*, 495 U.S. 575 (1990), which has been the rule since well before petitioner's conviction and sentencing.

Moreover, even if *Descamps* did adopt a new rule of law, the new law has not been made retroactive by the Supreme Court. For the savings clause to apply to his sentencing claim, petitioner must show that the relevant Supreme Court precedent applies retroactively to cases on collateral review.[3] *See In re Davenport*, 147 F.3d at 611. To date, the Supreme Court has not made *Descamps* retroactive on collateral review. *See Groves v. United States*, —— F.3d ——, 2014 WL 2766171 *4 (7th Cir. June 19, 2014). For these reasons, petitioner has failed to show that the savings clause is applicable to this claim. His Section 2241 petition shall be dismissed with prejudice. See *Webster v. Caraway*, __F.3d__, 2014 WL 3767184, *4 (7th Cir. Aug. 1, 2014) (the Court has subject-

---

[3] Petitioner cites *Brown v. Caraway* in support of his contention that this matter is properly brought under § 2241. The petitioner in *Brown*, however, relied upon *Begay v. United States*, 553 U.S. 137 (2008), a retroactive Supreme Court decision. Therefore, *Brown* is distinguishable from the case at hand. Petitioner Bond's Section 2255 petition was based on *Begay*.

matter jurisdiction to determine whether the proceeding is allowed under Section 255(e); consequently, dismissal with prejudice is appropriate).

## Disposition

As discussed above, petitioner Bond has not demonstrated that Section 2255 is an inadequate remedy for his current claim, and consistent with *In re Davenport*, petitioner cannot raise these claims through a Section 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of

Civil Procedure 59(e) may toll the 30–day appeal deadline.[4]  It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his Section 2241 petition.  *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 5th day of August, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.08.05
14:48:13 -05'00'

**Chief Judge**
**United States District Court**

---

[4] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED.R.CIV.P 59(e).